## 9172

### WISE v. ATLANTIC COAST LINE R. R. CO.

#### (86 S. E. 22.)

CARRIERS OF GOODS—RELEASE OR LIMITATION OF LIABILITY.—The mere acceptance of a bill of lading, containing a stipulation containing a limitation upon, or release of, the carrier's liability without dissent by the shipper, does not bind him unless his attention was called thereto, and he assented to such stipulation.

Before MEMMINGER, J., Bennettsville, Fall term, 1913. Affirmed.

Action by E. D. Wise against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. D. D. McColl* and *F. L. Willcox,* for appellant, submit: *Acceptance of bill of lading without dissent is binding on shipper:* 96 S. C. 356; 92 S. C. 573; 82 S. C. 374; *Ib.* 146; 84 S. C. 87; 29 A. & E. Ann. Cas. 984; 227 U. S. 476; 194 U. S. 426; 97 Am. Dec. 117; 113 Mass. 299; 18 Am. Rep. 485; 115 Mass. 304; 15 Am. Rep. 106; 4 R. C. L., p. 10; *Ib.,* p. 777. *Bound by rules and regulations established by railroad commission:* Civil Code, secs. 3174, 3175; 82 S. C. 369; 158 U. S. 98; 202 U. S. 239; 233 U. S. 109; 227 U. S. 650; *Ib.* 638; *Ib.* 657; 226 U. S. 491; *Ib.* 519; *Ib.* 513. *Uniformity in rules regulating intrastate and interstate traffic is desirable.*

*Mr. A. L. Hamer,* for respondent.

FOOTNOTE.—As to valuation fixed in bill of lading, see note in 12 L. R. A. 799, 12 A. & E. Ann. Cas. 1124, 18 *Ib.* 353, Ann. Cas. 1913d, 981; as to limitation of carrier's liability for injury to or loss of goods or baggage as affected by the interstate commerce act, see notes in Ann. Cas. 1912b, 672, and 28 L. R. A. (N. S.) 293.

August 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Memminger affirming the judgment of magistrate's Court, whereby plaintiff had recovered the sum of $70.50, and $50, penalty for loss of goods shipped by the plaintiff over defendant's road. The defense was that the bill of lading under which goods were shipped contained a stipulation which limited its liability to five dollars in case of loss or damage.

The defendant, by its appeal, raises three questions: First, that the bill of lading containing the stipulation as to limitation of value having been delivered to the shipper and received by him, without dissent, he is conclusively bound by its terms. Second, that the South Carolina Railroad Commission, having been authorized by law to make and establish "reasonable and just rules and regulations to be observed by all railroad companies as to charges for the hauling and delivery of all freights," etc., and having in pursuance of such authority published and declared in its "South Carolina Exception Sheet," promulgated June 17, 1912, the rule providing for the special stipulation set up in this case, that such rule speaks with the authority of law to the shipper as well as to the carrier. That the shipper in this case was conclusively presumed to know the rules and regulations, schedules and rates issued by the South Carolina Railroad Commission under the authority of law. Third, that it being of vital importance to the business community that the rules and regulations applicable to interstate shipments shall also apply to intrastate shipments, that this case should be controlled by the decisions of the United States Supreme Court in reference to practically identical cases arising out of interstate shipments.

The exceptions are overruled, as it was found by the Circuit Court that the testimony failed to show that the shipper made any contract to limit the value or that he assented

thereto. There is an abundance of evidence to sustain this finding. When a shipment is tendered to a common carrier in good order for shipment it is the duty of the common carrier to receive and ship it, and the common carrier is required to do so, and receive for its services the usual freight charges. The shipper has the right to ship the articles unreleased and recover full damages for any loss or damage that occurs, and the full freight charges must be paid. However, the parties have the right in consideration of reduced rates to release the property shipped and limit the liability, but a contract must be made to this effect or the shipper's attention must.be called to what has been done or intended to be done, and he must assent thereto. A common carrier has no right to limit its liability to the shipper for loss or injury to property shipped without the consent or assent of the shipper.

When property is tendered for shipment it is presumed that the shipper desires to ship it unreleased, pay full freight charges, and collect for loss or damage full value. It is for the shipper to determine whether he will release his shipment, pay a less freight charge, and collect a limited value in case of loss or damage. He can contract to do this, or if his attention is called to the fact that it is being done, and he consents or assents to it he will be bound. A railroad will not be allowed to make a onesided contract to limit its liability to a shipper without the shipper's consent. It is for the shipper to direct whether his shipment is to be shipped "unreleased" or "released;" to hold otherwise would be unreasonable and farcical and open the door to injustice and fraud. In this case at bar there was no error as complained of, and all exceptions are overruled.

Judgment affirmed.